91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lettie KENDALL, Plaintiff-Appellant,
v.
CLARKSVILLE-MONTGOMERY COUNTY SCHOOL SYSTEM; Dr. Charles
Lindsey, Director of Schools, Defendants-Appellees.
 No. 94-6407.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1996.
 
 Before: JONES, BOGGS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Lettie Kendall appeals the judgment for Defendants Clarksville-Montgomery School System and its Director, Dr. Charles Lindsey, in her claims brought under 42 U.S.C. § 1983 and Title VII. Kendall also appeals an adverse ruling on a state law breach of contract claim. We AFFIRM.
 
 
 2
 The district court provided a detailed, nine-page discussion of the facts in this case in its memorandum opinion dated September 26, 1994. We will not recount the facts in detail, but provide the following for background and context.[1]
 
 
 3
 Lettie Kendall, a black female, has been employed by the Clarksville-Montgomery County School System since 1961. Kendall taught in the system for seventeen years and obtained tenure before being transferred to the principal position at Moore Elementary School in 1977. Kendall left Moore in 1988 to take the principal position at Minglewood Elementary School, where she remained until 1991. In 1991, she was administratively transferred to a teaching position at an alternative school. The transfer resulted in a loss of responsibility and decreases in salary and retirement benefits.
 
 
 4
 Kendall's transfer occurred after an investigation into a series of complaints and poor evaluations and the failure of a remedial plan to correct deficiencies in Kendall's supervision of the school. When the Director of Schools, Dr. Charles Lindsey, recommended the transfer, Kendall moved for a temporary restraining order and preliminary injunction to halt her transfer to the teaching position. This order was granted by the magistrate judge. Two weeks later, the district court lifted the temporary restraining order and denied the motion for preliminary injunction.
 
 
 5
 At the next board meeting, the board approved Lindsey's recommendations. Kendall was transferred to the alternative school for the remainder of the academic year. Ms. Nora Wyatt, a black woman with a master's degree and twenty-five years experience within the system, including service as an assistant principal, was appointed interim principal at Minglewood. The next fall, Kendall served as a teacher at Ringold Elementary School. Since that time, she has applied for four principal positions and has been rejected on each occasion.
 
 
 6
 Kendall amended her complaint to challenge her demotion and transfer as retaliatory. Kendall further alleged violations of her procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, along with state claims of defamation and damage to her reputation, invasion of privacy, and breach of contract.
 
 
 7
 After a bench trial, the district court issued a memorandum opinion and order granting judgment to Defendants. Kendall appeals, raising the following issues: (1) whether the district court erred in holding that Kendall was entitled to no due process protection in the administrative transfer decision; (2) whether the district court made clearly erroneous findings of fact in deciding Kendall's Title VII and First Amendment retaliation claims; and (3) whether the district court erred by holding that Kendall had no contractual rights to certain procedures, embodied in a Memorandum of Agreement between the school system and the teachers' union, before her transfer.
 
 
 8
 We first address whether the district court erred in concluding that Kendall was not denied due process of law under the Fourteenth Amendment.
 
 
 9
 To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that she was deprived of a constitutionally protected interest without due process of law. Mertik v. Blalock, 983 F.2d 1353, 1359 (6th Cir.1993). Without allegation of an underlying constitutionally protected interest, a procedural due process claim must fail. In this case, Kendall alleges the deprivation of a constitutionally protected liberty interest. Kendall contends that her freedom to pursue her profession as principal in the Clarksville-Montgomery School System was curtailed, in part, through injury to her reputation caused by allegedly stigmatizing statements made by Defendants in public reprimands. We disagree.
 
 
 10
 The Supreme Court has recognized a limited liberty interest in the preservation of reputation. The damage to reputation or stigmatization must correlate with either a termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law. Mertik, 983 F.2d at 1362 (citing Paul v. Davis, 424 U.S. 693, 708-09 (1976)). Under Paul v. Davis, defamation alone, no matter how serious the harm to the reputation, will not deprive the plaintiff of a protected interest. Mertik, 983 F.2d at 1362.
 
 
 11
 Kendall has failed to allege a right to continued employment as a principal within the school system. As a tenured teacher, Kendall could not be dismissed or terminated absent neglect of duty or misconduct. Nevertheless, she could be transferred from one position or type of work "when necessary to the efficient operation of the school system." T.C.A. § 49--510 (amended 1992); McKenna v. Sumner County Bd. of Ed., 574 S.W.2d 527, 530-31 (Tenn.1978). Under the Tennessee teacher transfer statute, Kendall had no right to continued employment in the capacity of principal. Because she cannot connect the alleged damage to her reputation to a loss of a legal right or status previously enjoyed under state law, she has failed to demonstrate the loss of a liberty interest.
 
 
 12
 Kendall's reliance on Mertik for the proposition that a dismissal or termination from public employment is not a prerequisite to the bringing of a claim for reputational injury is misplaced. Although the plaintiff in Mertik was not fired or terminated from a public position, the court found that she had a constitutionally protected property interest in continuing to use the city's ice skating rink to give ice skating lessons. The city's decision to ban her from the rink deprived her of that right, and provided the basis for her claim of the loss of a liberty interest through the reputational injury. Id. at 1361. As noted above, Kendall has no right to continued employment as a principal and therefore has not alleged the deprivation of any such right. For that reason, her case is clearly distinguishable from Mertik.
 
 
 13
 We hold that Kendall has not alleged the deprivation of a liberty interest because she has failed to demonstrate a right to continued employment as a principal in the Clarksville-Montgomery School System, and consequently that she has failed to state a claim under § 1983.
 
 
 14
 Kendall next appeals the district court's conclusion that she did not make out a claim for retaliatory employment action under either Title VII or the First Amendment.
 
 
 15
 In order to prove retaliation in either a First Amendment or Title VII claim, the plaintiff must demonstrate a causal connection between the performance of the protected activity and the allegedly retaliatory action.[2] Ratliff v. Wellington Exempted Village Sch. Bd. of Ed., 820 F.2d 792, 795-96 (6th Cir.1987) (First Amendment); Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir.1984) (Title VII). Kendall argues that the district court relied on erroneous findings of fact in reaching the legal conclusion that there was no causal connection.
 
 
 16
 Kendall does not contend that any of the district court's factual findings are clearly erroneous. Rather, she argues that the district court's failure to incorporate instances of perceived mistreatment into its findings of facts constituted clear error. Kendall claims the district court erred by failing to address the following allegations: (1) after her demotion, she was denied three principal positions, for which she was better qualified than the recipients; (2) the school system held a board meeting to discuss the complaints against Kendall on the same day that the temporary restraining order was dissolved; (3) Defendants acted indifferently to her personal concerns, as demonstrated by their decision to conduct a fact-finding investigation at the time Kendall had just returned from her sister's funeral; and (4) the extreme reaction to Kendall's omissions regarding a crisis management program that she was to institute during the Persian Gulf War. See Kendall's Br. at 21.
 
 
 17
 The district court did not clearly err by failing to incorporate these assertions into its findings of fact. Even considering these assertions as true, we do not believe they detract from the district court's ultimate legal conclusion that Kendall was transferred for disciplinary rather than retaliatory reasons.
 
 
 18
 Finally, we conclude that the district court did not err in ruling for Defendants on Kendall's state law claim for breach of contract.
 
 
 19
 Article XXI of the Memorandum of Agreement between the Clarksville-Montgomery County Board of Education and the Clarksville-Montgomery County Education Association provides the procedure by which complaints lodged against principals and other school officials are to be addressed. See J.A. at 739. Complaints from parents, students, and others are to be reduced to writing and signed. The employee is to be furnished a copy of the writing and the opportunity to respond. "Only written and signed complaints, conference notes, substantiated evidence, and written rebuttals from the professional employee (if submitted) may be used as justification for including the complaint in the personnel file." Id. "Correspondence and documents resulting from the supervisor/employee relationship are not considered to be a complaint." Id.
 
 
 20
 Our review of the record reveals that while Kendall's supervisor, Dr. Charles Lindsey, did rely on two formal written complaints in making his recommendation for Kendall's transfer, he also relied on verbal complaints and written complaints that were not formalized according to the procedure provided by Article XXI. This, however, does not form the grounds for a breach of contract claim. First, the procedure in Article XXI only concerns complaints that will become a part of an employee's personnel file. There has been no allegation that the informal complaints were permanently placed in Kendall's personnel file. Rather, the complaints were kept by Lindsey in a separate file that he used to conduct the supervisor/employee relationship. Second, as the district court noted, there is no requirement that an administrative transfer from a principal position to a teaching position must be initiated or supported by the formalized complaint procedure. Therefore, whether the grievances relied upon by Kendall's supervisor were formal or informal does not affect the legality of the transfer procedure.
 
 
 21
 Kendall has failed to demonstrate that the district court erred by granting judgment to defendant on her claims for deprivation of due process, retaliation, or breach of contract. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 For a complete discussion of the facts see Memorandum Opinion at 1-10
 
 
 [2]
 The preliminary inquiry in both Title VII and First Amendment retaliation claims is whether the employee's conduct is protected activity. The filing of Kendall's suit was protected under Title VII. Nevertheless, because we conclude that Kendall failed to demonstrate sufficient causal connection under either Title VII or the First Amendment, we need not decide whether the filing of her suit was a matter of public concern protected by the First Amendment